# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| N.B., a minor, by her parents, natural guardians, and next friends DWAN BRAY and AARON BRAY, | : Case No. 1:23-cv-386 : : Judge Matthew W. McFarland |
| Plaintiffs, | : |
| v. | : |
| HEALTHSOURCE OF OHIO, INC., et al., | : |
| Defendants. | : |

## ORDER SUA SPONTE STAYING CASE

This matter is before the Court on Plaintiffs' Motion to Remand (Doc. 10) and the Government's Motion to Dismiss (Doc. 8). This action relates to medical care received by Plaintiff Dwan Bray for her pregnancy with Plaintiff N.B. (*See* Compl., Doc. 3.) Relevant here is the care provided by Defendant Dr. Timothy Thress. Because of Dr. Thress' alleged medical negligence while providing care to Ms. Bray, N.B. now suffers "permanent injuries and damages." (*Id.* at ¶ 73.) At the time of the alleged incident, Dr. Thress provided care to Ms. Bray at Mercy Health – Anderson Hospital. (*Id.* at ¶ 40.) Though, Dr. Thress' employer at that time was Defendant HealthSource of Ohio, Inc. ("HealthSource"). (*Id.* at ¶¶ 8, 10; Employment Agreement, Doc. 10-7.)

Plaintiffs first brought an action related to Ms. Bray's pregnancy in Hamilton County Court of Common Pleas against various medical providers, including Dr. Thress, on April 30, 2020 (the "First Action"). *See N.B. v. Bon Secours Mercy Health, Inc.*, 649 F.

Supp. 3d 631, 635 (S.D. Ohio 2023). Dr. Thress removed the First Action to this Court and the United States substituted itself for Dr. Thress. *Id.* The United States' Notice of Substitution stated that, during the time of the alleged incident, Dr. Thress was an employee of HealthSource, which was "an entity 'deemed' to be an employee of the Public Health Service." *Id.* Consequentially, the United States contended that Dr. Thress was a federal employee and the action was therefore a tort action brought against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. *Id.*

Plaintiffs then filed a Motion to Remand the First Action on September 8, 2020, in which they argued that Dr. Thress was not a federal employee at the time of the alleged incident. *Bon Secours*, 649 F. Supp. 3d at 635. Simultaneously, the United States moved to dismiss the claims in the First Action related to Dr. Thress' care for Plaintiffs' failure to exhaust the FTCA's administrative remedies. *Id.*

In the meantime, on September 18, 2022, Plaintiffs filed an administrative claim with the Department of Health and Human Services relating to N.B.'s treatment. (*See* Compl., Doc. 3, ¶ 62.) To date, no decision has been made on the administrative claim. (*Id.* at ¶ 64.)

On January 6, 2023, this Court denied Plaintiffs' Motion for Remand in the First Action, finding that the United States' substitution under the FTCA was proper because, at the time of the alleged incident, Dr. Thress was acting as a federal employee. *Bon Secours*, 649 F. Supp. 3d at 639. Later, on March 27, 2023, the Court dismissed the claims against the United States in the First Action without prejudice for Plaintiffs' failure to fully exhaust the FTCA's administrative remedies before instituting the case. *See N.B. v.*

2

*Bon Secours Mercy Health Inc.*, No. 1:20-cv-699, 2023 U.S. Dist. LEXIS 53343 (S.D. Ohio Mar. 27, 2023). Plaintiffs appealed both decisions to the Sixth Circuit, and oral arguments on the matters are set for January 24, 2024. *See Bray, et al. v. Bon Secours Mercy Health Inc., et al.*, No. 23-3357 (6th Cir.).

On May 25, 2023, Plaintiffs filed the instant case against Defendants HealthSource, Dr. Thress, and the Ohio Department of Medicaid in the Hamilton County Court of Common Pleas. (*See* State Compl., Doc. 1-3.) On June 22, 2023, Dr. Thress removed the action to this Court. (Notice of Removal, Doc 1.) That week, the United States filed two Notices of Substitution, substituting the United States for Dr. Thress and HealthSource as Defendants pursuant to 42 U.S.C. § 233(a). (Notices of Substitution, Docs. 2, 6.) The United States' notices again stated that, during the time of the alleged incident, Dr. Thress was an employee of HealthSource. (*Id.*) HealthSource, at that time, was deemed to be an employee of the Public Health Service. (*Id.*) Again, the United States contends, through a certification of the Attorney General, that (1) both Dr. Thress and HealthSource were acting within the scope of their employment at the time of the alleged incident and, consequently, (2) the action is a tort action brought against the United States pursuant to the FTCA. (*Id.*)

Plaintiffs now move to remand the instant action to state court, again, arguing that Dr. Thress was not a federal employee at the time of the alleged incident. (Motion to Remand, Doc. 10). The United States also moves to dismiss the claims made against it, and those related to Dr. Thress' care, for Plaintiffs' failure to timely file their administrative claims. (Motion to Dismiss, Doc. 8).

Upon review, the Court finds that the issues being appealed in the First Action are the same issues being presented by Plaintiffs in the instant action. In the First Action, Plaintiffs argue on appeal that Dr. Thress was not a federal employee and that the dismissal of the claims against him was improper. Brief for Appellant, *Bray, et al. v. Bon Secours Mercy Health Inc., et al.*, No. 23-3357 (6th Cir. June 20, 2023). Plaintiffs make almost identical arguments in their briefing on their Motion to Remand and in response to the United States' Motion to Dismiss. (*See* Motion to Remand, Doc. 10; Plaintiffs' Response in Opp., Doc. 13.)

Given the relevance of the appeal of the First Action, the Court finds that a stay in this case pending the Sixth Circuit's decision is appropriate. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, courts consider factors such as: "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court." *Zimmers v. Eaton Corp.*, No. 15-cv-2398, 2016 U.S. Dist. LEXIS 46000, at *2 (S.D. Ohio Apr. 5, 2016). The power to stay proceedings can be exercised sua sponte. *See Latta v. United States Dep't of Educ.*, 653 F. Supp. 435, 439 (S.D. Ohio 2023) (collecting cases).

A stay in the instant action is appropriate to promote judicial economy and avoid piecemeal litigation. The issues currently being appealed from the First Action bear

4

directly on the outcome of this case. Namely, the issues on appeal include whether Dr. Thress was a federal employee and whether dismissal was appropriate under the FTCA's administrative requirements. Addressing the parties' pending motions in the instant action could "duplicat[e] judicial effort and potentially render[] conflicting results" on the issues. *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998). As the Sixth Circuit will be making legal determinations that are at the heart of the matters pending before this Court, a stay is appropriate. *See LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 n.39 (S.D.N.Y. 2005) ("[W]here a higher court is close to settling an issue of law bearing on the action," a stay is favored.).

Accordingly, the Court sua sponte **STAYS** this case in its entirety. The parties are **ORDERED** to file a joint status report within fourteen (14) days following the Sixth Circuit's decision related to the First Action.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND