IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| N.B., a minor, by her parents, natural guardians, and next friends DWAN BRAY and AARON BRAY, | : : : : | Case No. 1:23-cv-386 |
| | | Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : | |
| HEALTHSOURCE OF OHIO, INC., et al., | : : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on the United States' Motion to Dismiss (Doc. 8) and Plaintiffs' Motion to Remand (Doc. 10). Both motions have been fully briefed. (*See* Docs. 12-13, 16-17.) The parties have also filed supplemental briefing regarding the United States' Motion to Dismiss (*see* Docs. 19-20). Thus, this matter is ripe for the Court's review. For the reasons below, the United States' Motion to Dismiss (Doc. 8) and Plaintiffs' Motion to Remand (Doc. 10) are both **DENIED**.

### ALLEGED FACTS

This action relates to medical care received by Plaintiff Dwan Bray for her pregnancy with Plaintiff N.B. (*See* Compl., Doc. 3.) On November 11, 2015, Ms. Bray began experiencing symptoms consistent with preeclampsia. (*Id.* at ¶ 31.) So, Ms. Bray presented at Mercy Health – Anderson Hospital ("Mercy"). (*Id.* at ¶ 32.) There, she was evaluated by Defendant Dr. Timothy Thress, who identified himself as the hospital's

obstetrician. (*Id.* at ¶¶ 40-43.) Though Ms. Bray had symptoms "consistent with preeclampsia or gestational hypertension," Dr. Thress failed to make a diagnosis. (*Id.* at ¶¶ 43-45.)

Ms. Bray gave birth to N.B. on November 20, 2015. (Compl., Doc. 3, ¶ 51.) Following, N.B. experienced complications and was later diagnosed with hypoxic-ischemic encephalopathy. (*Id.* at ¶ 55.) Medical providers informed Plaintiffs that N.B.'s diagnosis was "the result of a lack of oxygen at a time they would not likely be able to confirm." (*Id.* at ¶ 56.) All explanations offered for N.B.'s injury involved natural processes. (*Id.*) So, Plaintiffs believed that the cause of N.B.'s injury was natural. (*Id.*)

Nevertheless, on March 18, 2019, Plaintiffs retained attorneys to investigate other potential causes for N.B.'s injury. (Compl., Doc. 3, ¶ 57.) Plaintiffs' counsel immediately began their investigation. (*Id.*) In doing so, they uncovered Dr. Thress' status as a former obstetrician/gynecologist ("OB/GYN") in Hamilton County, Ohio, as well as previous lawsuits filed against him in state court. (*Id.*) Plaintiffs' counsel also obtained insurance, admission, and treatment records related to the incident. (*Id.* at ¶¶ 36, 57.) None of these materials identified Dr. Thress as an employee of a specific medical provider or as a federal employee. (*Id.*)

Plaintiffs' counsel also retained medical experts, who determined that Dr. Thress and other medical providers may have been negligent in treating Ms. Bray during her pregnancy. (Compl., Doc. 3, ¶¶ 57-58.) On February 4, 2020, Plaintiffs' counsel informed Plaintiffs of this conclusion. (*Id.* at ¶ 59.)

2

## PROCEDURAL POSTURE

On April 13, 2020, Plaintiffs brought an action in Hamilton County Court of Common Pleas against various medical providers, including Dr. Thress ("First Action"). *See N.B. v. Bon Secours Mercy Health, Inc.*, 649 F. Supp. 3d 631, 635 (S.D. Ohio 2023). On September 9, 2020, Dr. Thress removed the First Action to this Court. *Id.* That same day, the United States filed a Notice of Substitution, substituting the United States for Dr. Thress as a defendant pursuant to 42 U.S.C. § 233(a). *Id.* The notice stated that, during the time of the alleged incident, Dr. Thress was an employee of Defendant HealthSource of Ohio, Inc. ("HealthSource"). *Id.* HealthSource was an employee of the Public Health Service ("PHS"). *Id.* Consequentially, the United States contended, through a certification of the Attorney General, that Dr. Thress was a federal employee and the action was therefore a tort action brought against the United States under the Federal Tort Claims Act ("FTCA") and the Federally Supported Health Centers Assistance Act ("FSHCAA"). *Id.*

Plaintiffs then moved to remand the First Action, arguing that Dr. Thress was not a federal employee at the time of the alleged incident. *Bon Secours*, 649 F. Supp. 3d at 635. Simultaneously, the United States moved to dismiss the claims made against it, and those related to Dr. Thress' care, for Plaintiffs' failure to exhaust the FTCA's administrative remedies before filing suit. *N.B. v. Bon Secours Mercy Health, Inc.*, No. 20-CV-699, 2023 U.S. Dist. LEXIS 53343, at *5 (S.D. Ohio Mar. 27, 2023).

In the meantime, on September 18, 2022, Plaintiffs filed an administrative claim with the Department of Health and Human Services ("HHS") relating to N.B.'s treatment.

3

(*See* Compl., Doc. 3, ¶ 62.) To date, no decision has been made on the administrative claim. (*Id.* at ¶ 64.)

On January 6, 2023, this Court denied Plaintiffs' motion to remand the First Action. *Bon Secours*, 649 F. Supp. at 639. The Court found that the United States' substitution under the FTCA was proper because Dr. Thress was acting as a federal employee at the time of the alleged incident. *Id.* at 636-39. Then, on March 27, 2023, the Court dismissed Plaintiff's claims against the United States without prejudice due to Plaintiffs' failure to exhaust the FTCA's administrative remedies. *Bon Secours*, 2023 U.S. Dist. LEXIS 53343, at *21. The Court also remanded Plaintiffs' claims against the remaining medical providers to state court. *Id.* Plaintiffs appealed both decisions to the Sixth Circuit on April 21, 2023. *See Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 409 (6th Cir. 2024).

On May 25, 2023, Plaintiffs filed this action in the Hamilton County Court of Common Pleas against HealthSource, Dr. Thress, and the Ohio Department of Medicaid. (*See* State Complaint, Doc. 1-3.) On June 22, 2023, Dr. Thress removed the action to this Court. (Notice of Removal, Doc. 1.) That week, the United States filed two Notices of Substitution, substituting the United States for Dr. Thress and HealthSource as a defendant pursuant to 42 U.S.C. § 233(a). (Notices of Substitution, Docs. 2, 6.) The notices state that Dr. Thress was an employee of HealthSource, and HealthSource was an employee of PSH, at the time of the alleged incident. (Thress Substitution, Doc. 2, Pg. ID 43-44; HealthSource Substitution, Doc. 6, Pg. ID 81-82.) In turn, the United States contends, through a certification by the Attorney General, that this action is "a tort action brought against the United States" under the FTCA and the FSHCAA. (Scope

4

Certification, Doc. 1-4; Thress Substitution, Doc. 2, Pg. ID 44; HealthSource Substitution, Doc. 6, Pg. ID 82.)

On July 20, 2023, the United States moved to dismiss the claims against it, and those related to Dr. Thress' care, for Plaintiffs' failure to timely present their administrative claim. (*See* Motion to Dismiss, Doc. 8.) On July 24, 2024, Plaintiffs moved to remand this action, again arguing that Dr. Thress was not a federal employee at the time of the alleged incident. (*See* Motion to Remand, Doc. 10.)

On March 29, 2024, the Sixth Circuit affirmed this Court's decisions related to the First Action ("Appellate Decision"). *Bray*, 97 F.4th at 418. The Sixth Circuit found that Dr. Thress was a federal employee at the time of the alleged incident, that the United States' substitution was proper, and that Plaintiffs had failed to exhaust the FTCA's administrative remedies before filing suit. *See id.* at 410-18.

## LAW

### I. Motion to Remand

The Court will first consider Plaintiffs' Motion to Remand (Doc. 10). On a motion to remand, the question is whether the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party removing the action to federal court bears the burden of showing that the district court has original jurisdiction over the action. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Courts construe the removal statute strictly in favor of state court jurisdiction, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941), and resolve doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

5

The United States contends that this Court has subject matter jurisdiction over this case because the United States is a defendant. (*See* Notice of Removal, Doc. 1, Pg. ID 2.) The United States Constitution enumerates particular cases and controversies over which federal courts have subject matter jurisdiction, including those "Controversies to which the United States" is a party. U.S. Const. Art. III, § 2. The United States became a party to this matter when it substituted itself as a defendant for Dr. Thress and HealthSource under the FTCA and FSHCAA. (*See* Notices, Docs. 2, 6.) The question for remand purposes, then, is whether these substitutions were proper.

Under the FTCA:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of title 28 and all references thereto.

42 U.S.C. § 233(c). In accordance with this section, when Dr. Thress removed this action, he attached a certification of scope of employment by the United States Attorney General. (*See* Scope Certification, Doc. 1-4.) The Attorney General's certification found that Dr. Thress was acting within the scope of his employment with HealthSource at the time of the alleged incident. (*Id.*) At that time, HealthSource was an employee of PSH. (*Id.*) So, according to the certification, both Dr. Thress and HealthSource are federal employees covered under the FTCA and FSHCAA for purposes of this suit. (*Id.*)

"Although the Attorney General's certification provides prima facie evidence that

6

an employee's conduct is within the scope of employment, it does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Coleman v. United States*, 91 F.3d 820, 823 (6th Cir. 1996) (citation omitted). Plaintiffs contest the certification as it applies to Dr. Thress, arguing that Dr. Thress was acting outside of his scope of employment at the time of the alleged incident. (*See* Motion to Remand, Doc. 10.) Note that Plaintiffs do not contest the certification as it applies to HealthSource. (*See id.*) Thus, the Court accepts the certification as it applies to HealthSource and finds the United States' substitution for HealthSource as a defendant proper. *See R.C.L. v. Bronx-Lebanon Hosp. Ctr.*, No. 13 Civ. 6764, 2015 U.S. Dist. LEXIS 43653, at *7 (S.D.N.Y. Mar. 31, 2015). In turn, the Court has subject matter jurisdiction over this case because the United States properly substituted itself as a defendant for at least one party.

In any event, as the Sixth Circuit has determined, Dr. Thress was acting as a federal employee under the FTCA at the time of the alleged incident. *Bray*, 97 F.4th at 410-16. In turn, the United States' substitution as a defendant for Dr. Thress is proper as well. *See id.* So, the Court has subject matter jurisdiction over this case because the United States is a defendant. *See* U.S. Const. Art. III, § 2. Plaintiffs' Motion to Remand (Doc. 10) must therefore be denied.

## II. Motion to Dismiss

Having found that this Court has subject matter jurisdiction, the Court turns to the United States' Motion to Dismiss (Doc. 8) brought under Federal Rule of Civil Procedure 12(b)(6).

7

The Federal Rules of Civil Procedure allow, upon motion, the dismissal of a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the plaintiff's cause of action as stated in a complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Courts accept all allegations of material fact as true and must construe such allegations in the light most favorable to the non-moving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). But, courts are not bound to do the same for a complaint's legal conclusions. *Id.* at 555.

Thus, surviving a motion to dismiss is a matter of pleading sufficient factual content. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)). A claim for relief must be "plausible on its face." *Iqbal*, 556 U.S. at 678. That is, the complaint must lay out enough facts for a court to reasonably infer that the defendant wronged the plaintiff. *16630 Southfield*, 727 F.3d at 502. A complaint that lacks such plausibility warrants dismissal. *Iqbal*, 556 U.S. at 678.

The United States moves to dismiss Plaintiffs' claims against it, arguing that Plaintiffs failed to timely present their administrative claim as required by the FTCA. (Motion to Dismiss, Doc. 8.) The FTCA requires that an individual present his claim against the "appropriate Federal agency within two years after such claim accrues" or else be "forever barred" from bringing such a claim. 28 U.S.C. § 2401(b). So, the Court must first determine when Plaintiffs' claim began to accrue.

"In actions based on negligence or medical malpractice, the Supreme Court has held that federal law controls as to when a claim accrues under the FTCA." *Chomic v.*

8

*United States*, 377 F.3d 607, 610 (6th Cir. 2004) (citing *United States v. Kubrick*, 444 U.S. 111, 123 (1979)). "[A] negligence or medical malpractice claim accrues within the meaning of § 2401(b) when a plaintiff knows of both the existence and the cause of his injury." *Id.* (citing *Kubrick*, 444 U.S. at 121-23.) "[A]ccrual of a claim does not await awareness by the plaintiff that his injury was negligently inflicted," but rather occurs when a plaintiff, "armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community." *Hertz v. United States*, 560 F.3d 616, 618 (6th Cir. 2009) (quotations omitted). This determination is "necessarily fact-intensive" and depends "on the existence of circumstances that would alert a reasonable person to the possibility of physician-caused harm." *Amburgey v. United States*, 733 F.3d 633, 637, 639 (6th Cir. 2013).

The United States maintains that Plaintiffs' "last possible date of accrual" is March 18, 2019. (Motion to Dismiss, Doc. 8, Pg. ID 92-93.) The United States argues that the Court should infer that, in retaining counsel on this date, Plaintiffs had some sort of suspicion about malpractice related to N.B.'s injuries. (*Id.* at Pg. ID 93.) In response, Plaintiffs maintain that their first possible date of accrual is February 4, 2020—the day that their attorneys informed them of potential malpractice. (Response to Motion to Dismiss, Doc. 13, Pg. ID 274.)

Based on the allegations before the Court, the first possible date of accrual is March 18, 2019. Plaintiffs maintain that, prior to retaining an attorney, "[a]ll possible explanations offered for N.B.'s injuries involved natural processes and were not attributable to physician-related negligence." (Compl., Doc. 3, ¶ 56.) Plaintiffs were

9

reasonable in relying on these explanations. *Amburgey*, 733 F.3d at 640 ("[P]atients may reasonably rely on assurances by physicians with respect to injuries and their causes."). Then, on March 18, 2019, Plaintiffs retained attorneys to investigate "into other potential causes of N.B.'s injury." (Compl., Doc. 3, ¶ 57.) This allegation suggests that Plaintiffs may have begun to suspect possible physician-caused harm at this time. *Amburgey*, 733 F.3d at 639. But, without the benefit of discovery, the Court cannot know if Plaintiffs had such suspicions before March 18, 2019. So, reading the allegations in the light most favorable to Plaintiffs, their FTCA claim did not begin to accrue until March 18, 2019 at the earliest.

That said, Plaintiffs' FTCA claim would be untimely if it began to accrue on either March 18, 2019 or February 4, 2020. If the date of accrual was March 18, 2019, then Plaintiffs had to present their claim against HHS by March 18, 2021. *See* 28 U.S.C. § 2401(b). And, if the date of accrual was February 4, 2020, Plaintiffs needed to present their claim by February 4, 2022. *Id.* Plaintiffs did not file their administrative claim against HHS until September 18, 2022. (Compl., Doc. 3, ¶ 62.) So, under either date proposed by the parties, Plaintiffs' administrative claim was untimely under the FTCA. *See* 28 U.S.C. § 2401(b).

Nevertheless, Plaintiffs request that the Court equitably toll the FTCA's time requirements. (Response to Motion to Dismiss, Doc. 13, Pg. ID 279-82; Supp. Opp. Brief, Doc. 19, Pg. ID 319-23.) Equitable tolling allows a federal court "to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d

781, 783 (6th Cir. 2010) (citation omitted). The Sixth Circuit has cautioned that courts should apply equitable tolling to FTCA claims "sparingly." *Ayers v. United States*, 277 F.3d 821, 828 (6th Cir. 2002). Plaintiffs have the burden of establishing their entitlement to equitable tolling. *See Robertson*, 624 F.3d at 784.

"To determine whether equitable tolling is available to a plaintiff, a court considers five factors: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Jackson v. United States*, 751 F.3d 712, 719 (6th Cir. 2014) (citation omitted). "Those factors are neither comprehensive nor material in all cases." *D.B. v. Shelby Cnty. Health Care Corp.*, 501 F. Supp. 3d 602, 607 (W.D. Tenn. 2020) (citing *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017)). The Court will first consider the first, second, and fifth tolling factors, as they all relate to Plaintiffs' knowledge of the FTCA's time requirements.

### a. Knowledge of FTCA's Time Requirement

Tolling factors one, two, and five may be reviewed in tandem, as "[t]he reasonableness of a plaintiff's ignorance of the legal requirement to file a timely claim depends on whether plaintiff had the opportunity to know about the requirement, meaning actual notice or constructive knowledge, and plaintiff's diligence in pursuing the claim." *Shelby Cnty.*, 501 F. Supp. 3d at 607 (collecting cases). So, to determine the reasonableness of Plaintiffs' ignorance, the Court first considers whether Plaintiffs had actual notice or constructive knowledge that the FTCA's time requirements applied to

11

this case. *See id.* at 607-08. Then, the Court will address whether Plaintiffs could have discovered this fact through a diligent investigation. *Id.* at 608-09.

### i. Notice or Constructive Knowledge

The Court first considers whether Plaintiffs had actual notice or constructive knowledge that the FTCA's time requirements applied to this case. Plaintiffs maintain that they did not know that the FTCA's time requirements applied because they did not know Dr. Thress was an employee of HealthSource, or that both Dr. Thress and HealthSource were federal employees. (Response to Motion to Dismiss, Doc. 13, Pg. ID 279-82; Supp. Opp. Brief, Doc. 19, Pg. ID 319-23.)

Judge Amul Thapar, in a concurring opinion to the Appellate Decision, found that Plaintiffs' circumstances demonstrated a lack of actual notice or constructive knowledge. *Bray*, 97 F.4th at 420 (Thapar, J., concurring). Judge Thapar noted that, "[Ms. Bray] was a private patient at a private hospital. And Dr. Thress was listed on Mercy's staff. [Ms.] Bray had no reason to know [Dr. Thress] was covered" by the FTCA. *Id.* Judge Thapar contrasted this case with others where tolling was found inappropriate, noting that "[i]n those cases, plaintiffs were patients of either commissioned [PHS] officers or federally funded health centers." *Id.* "Thus, those plaintiffs likely had notice that they were dealing with the federal government. That's not true here." *Id.*

While the Court need not adopt Judge Thapar's concurrence, his reasoning aligns with decisions from other circuits. For example, in *Santos ex rel. Beato v. United States*, the Third Circuit found a lack of actual notice or constructive knowledge in similar circumstances. 559 F.3d 189, 204 (3d Cir. 2009). In *Santos*, the healthcare provider

12

appeared to be a "private clinic" staffed with "private actors," which did not "alert[] [the plaintiff] to the need to explore their federal employment status." *Id.* at 200-01. The *Santos* court found that the plaintiff lacked knowledge of the FTCA's applicability to her case and tolling was therefore appropriate. *Id.* at 197-204.

The Court finds Judge Thapar's concurrence persuasive, and concludes that Plaintiffs lacked actual notice or constructive knowledge of the FTCA's applicability here. As noted by Judge Thapar, Ms. Bray was a private patient receiving care at a private hospital. (Compl., Doc. 3, ¶¶ 32-33, 36.) Dr. Thress introduced himself to Ms. Bray as Mercy's obstetrician, and he did not disclose to Ms. Bray that he was employed by HealthSource or that he was a federal employee. (*Id.* at ¶ 41.) None of the admission documents, medical records, or insurance records identified Dr. Thress as an employee of HealthSource or as a federal employee. (*Id.* at ¶¶ 36, 57.) Plaintiffs had no way of knowing that Dr. Thress was an employee of HealthSource or that Dr. Thress and HealthSource were federal employees under the FTCA. In turn, Plaintiffs lacked actual notice or constructive knowledge that the FTCA's time requirements applied to this case.

### b. Diligence in Discovery

The Court next considers whether Plaintiffs were diligent or could have been diligent in discovering that the FTCA's time requirements applied. Plaintiffs maintain that they acted diligently and that no due diligence would have uncovered the FTCA's applicability. (Response to Motion to Dismiss, Doc. 13, Pg. ID 274-78; Supp. Opp. Brief, Doc. 19, Pg. ID 322.)

Plaintiffs and their counsel acted diligently. Plaintiffs sought and obtained counsel

13

in March 2019. (Compl., Doc. 3, ¶ 57.) Counsel immediately began investigating the incident generally and Dr. Thress specifically. (*Id.*) During this investigation, Plaintiffs' counsel discovered that Dr. Thress was a former OB/GYN who practiced in Hamilton County, Ohio. (*Id.*) Counsel also found several prior suits against Dr. Thress, "none of which explicitly listed [] HealthSource as his employer or indicated he was affiliated in any way with the United States government." (*Id.*) Plaintiffs' counsel also obtained various medical and insurance records, none of which referenced HealthSource or conveyed that Ms. Bray's providers were recipients of federal funding. (*Id.*)

Despite Plaintiffs' efforts, the evidence uncovered "would not reveal to a reasonably diligent plaintiff" that Dr. Thress was an employee of HealthSource, or that both were federal employees under the FTCA. *Santos*, 559 F.3d at 201. The United States has not provided any publicly available sources from which Plaintiffs could have learned this status. (*See* Motion to Dismiss, Doc. 8.) In fact, Plaintiffs note that, on the Federal Tort Claims Act Search Tool, neither HealthSource nor Dr. Thress are identified as federal employees. (Compl., Doc. 3, ¶ 34.) And, while the United States argues that there was no inducement or trickery in concealing Dr. Thress' federal employment status (Motion to Dismiss, Doc. 8, Pg. ID 95; Supp. Opp. Brief, Doc. 20, Pg. ID 327), such "misconduct is not required to find that [a plaintiff] exercised due diligence sufficient for equitable tolling to apply." *Santos*, 559 F.3d at 203. Thus, Plaintiffs engaged in due diligence, but such diligence could not have revealed that Plaintiffs' claims were subject to the FTCA's time requirement.

Tolling factors one, two, and five favor tolling. Plaintiffs lacked actual or

14

constructive knowledge that the FTCA's time requirements applied to their case. Diligent efforts by Plaintiffs did not and could not have uncovered this fact. In turn, Plaintiffs were reasonably ignorant of the FTCA's applicability to this case. Thus, the first, second, and fifth tolling factors favor tolling.

### c. Diligence in Pursuing Claim

The Court next considers the third tolling factor: Plaintiffs' diligence in pursuing their rights. *Jackson*, 751 F.3d at 719. "To diligently investigate a claim, a plaintiff must inquire into not only whether the claim exists, but also who might be liable, and what, if any, restrictions apply to the claim's timeliness." *Shelby Cnty.*, 861 F. App'x at 637 (citation omitted).

The United States argues that Plaintiffs were not diligent in pursuing their claim because they did not bring suit until April 2020, four years after N.B.'s birth. (Supp. Opp. Brief, Doc. 20, Pg. ID 328.) But, as discussed above, Plaintiffs claim did not begin to accrue until March 18, 2019 at the earliest. (*See* Compl., Doc. 3, ¶ 57.) Once Plaintiffs' FTCA claim began to accrue, Plaintiffs were diligent in pursuing it. Plaintiffs retained counsel, who immediately began investigating the incident and potentially related claims. (Compl., Doc. 3, ¶ 57.) Plaintiffs' counsel collected medical records, obtained experts, and corresponded with relevant medical providers. (*Id.*) After a year of investigation, Plaintiffs' counsel determined that medical negligence had occurred and promptly filed suit in April 2020. (*Id*); *Bon Secours*, 649 F. Supp. 3d at 635. Such conduct shows due diligence by Plaintiffs in pursuing their claim. *See Santos*, 559 F.3d at 200 ("[Plaintiff]'s counsel corresponded with [the healthcare provider], obtained [plaintiff]'s medical

15

records, visited [the healthcare provider's] facility, and retained several expert witnesses."). So, the third tolling factor favors tolling.

### d. Prejudice

Finally, the Court considers whether equitable tolling would prejudice the United States. *Jackson*, 751 F.3d at 719. No such prejudice was identified by the United States. (*See* Motion to Dismiss, Doc. 8; Supp. Opp. Brief, Doc. 20.) But, the Court notes the "apparent" prejudice that "the United States would be subject to all expenses associated with discovery and trial preparation." *Warren v. Highlands Reg'l Med. Ctr.*, No. 7:18-CV-101, 2019 U.S. Dist. LEXIS 87851, at *3 (E.D. Ky. May 24, 2019). Thus, prejudice against the United States exists if the FTCA's time requirements were tolled. In turn, tolling factor four weighs against tolling.

\* \* \*

Weighing the relevant factors, equitable tolling is appropriate. Plaintiffs lacked actual notice or constructive knowledge that the FTCA's time requirements applied to this case. Plaintiffs had no way of discovering this fact, even with a reasonably diligent investigation. And, Plaintiffs diligently pursued their claims. These considerations outweigh the prejudice that the United States may experience in defending itself in this suit. Thus, equitable tolling of Plaintiffs' FTCA claim against the United States is appropriate and the United States' Motion to Dismiss (Doc. 8) must be denied.

## CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

(1) Plaintiffs' Motion to Remand (Doc. 10) is **DENIED**;

(2) The United States is properly **SUBSTITUTED** as a defendant for Dr. Timothy Thress and HealthSource of Ohio, Inc.; and

(3) The United States' Motion to Dismiss (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND