IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| N.B., a Minor, by her Parents, Natural Guardians, and Next Friends DWAN DAVIS and AARON BRAY, et al., | : Case No. 1:23-cv-386 :  : Judge Matthew W. McFarland |
| Plaintiffs, | : |
| v. | : |
| HEALTHSOURCE OF OHIO, INC., et al., | : |
| Defendants. | : |

## ORDER

This matter is before the Court on Defendants' Motion to Join Subrogated Parties (Doc. 49). Plaintiffs filed a Response in Support of Joinder (Doc. 50), in which they requested leave to file an amended complaint in order to add a subrogated party. Defendants did not file a reply or otherwise respond to Plaintiffs' request to file an amended complaint. This matter is therefore ripe for the Court's review.

The Brown County Women's Health Defendants, Defendant Barbara Patridge, and Plaintiffs agree that Anthem Blue Cross and Blue Shield should be joined as a subrogated party to this litigation. (Motion, Doc. 49; Response, Doc. 50.) The Sixth Circuit has explained that the analysis for joinder under Rule 19 of the Federal Rules of Civil Procedure proceeds as follows:

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive

> the court of subject matter jurisdiction. Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable.

*Glancy v. Taubman Ctrs. Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (cleaned up).

To begin, a necessary party under Rule 19(a) includes an individual who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). The parties represent that Anthem Blue Cross and Blue Shield possesses "a subrogation interest in this [medical malpractice] case for the benefits paid on behalf of Plaintiff, N.B." (Motion, Doc. 49, Pg. ID 557; *see also* Response, Doc. 50, Pg. ID 582.) A subrogee like Anthem Blue Cross and Blue Shield fits this definition of a necessary party. *See Snyder Dev. Co. v. AutoZone, Inc.*, No. 2:18-CV-1274, 2019 WL 1115034, at *4 (S.D. Ohio Mar. 11, 2019) (collecting cases). And, joining this party would not deprive the Court of subject matter jurisdiction since the United States removed this matter pursuant to 42 U.S.C. § 233(c). (*See* Notice of Removal, Doc. 1.) Thus, joinder of Anthem Blue Cross and Blue Shield is proper.

Defendants Brown County Women's Health and Barbara Patridge also seek to join "any other subrogated entity that has paid medical bills on behalf of Plaintiffs." (Motion, Doc. 49, Pg. ID 556.) However, Defendants have not provided the identity of any other potential entities or accompanying support for such joinder. The Court will therefore not require their joinder at this juncture. *See Smith v. Miami Valley Hosp.*, No. 3:23-CV-365,

2

2024 WL 3043314, at *3 (S.D. Ohio June 18, 2024) (denying a similarly unspecified "request for an order requiring Plaintiff to join any other subrogated entity that has paid any medical bills on behalf of Plaintiff").

For all these reasons, Defendants' Motion to Join Subrogated Parties (Doc. 49) is **GRANTED IN PART**. Accordingly, Plaintiffs **SHALL FILE** a Second Amended Complaint adding Anthem Blue Cross and Blue Shield as a party within fourteen (14) days.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND